**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10845

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORDAN FRANKLIN TREXLER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cr-00128-CEM-LHP-1

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Jordan Trexler challenges the procedural and substantive reasonableness of his within-guidelines sentence of (1) life impris-

onment for enticing a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and (2) thirty years' imprisonment for producing child pornography in violation of 18 U.S.C. § 2251(a). He argues that his sentence is procedurally unreasonable because the district court failed to consider the section 3553(a) factors. And he argues that his sentence is substantively unreasonable because the district court gave weight to improper factors—his constitutionally protected decisions to go to trial, to confront the witnesses against him, and to temporarily proceed pro se. After careful review, we affirm the district court.

## I.

Over a two-week period, Trexler repeatedly had sex with, and produced child pornography featuring, a fourteen-year-old girl, D.V., who he met online.

A grand jury indicted Trexler for one count of enticing a minor to engage in sexual activity and for two counts of producing child pornography. Trexler proceeded to trial. And a jury convicted Trexler on all counts.

Trexler's presentence investigation report assigned him a criminal history category of category of two. *See* United States Sentencing Guidelines Manual Ch. 5, Pt. A, Sentencing Table (Nov. 2025). And it calculated an offense level of forty-seven, *see* U.S.S.G. §§ 4B1.5(b)(1), 3D1.2(c), 3D1.4, 2G1.3(c)(1), 2G2.1(a)–(b), which it then treated as forty-three in accordance with the guidelines, *see* U.S.S.G. Ch. 5, Pt. A, Sentencing Table, comment., n.2. Based on

this offense level and criminal history, the report calculated a guidelines range of life in prison. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

At sentencing, Trexler argued that he was entitled to a downward variance because he had suffered abuse and struggled with his mental health.

In response, the government argued that several factors from 18 U.S.C. § 3553(a)—including the nature and circumstances of Trexler's offense, his history and characteristics, and the needs for his sentence to reflect the seriousness of his offense, to afford adequate deterrence, and to protect the public—counseled in favor of a guidelines sentence of life imprisonment. *See* 18 U.S.C. § 3553(a)(1)–(2). The government emphasized that Trexler had engaged in an increasingly violent sexual relationship with a fourteen-year-old girl—to whom he had repeatedly given drugs—and had a history of violence against women.

The government also argued that a life sentence would not create an unwarranted disparity with similar defendants. *See* 18 U.S.C. § 3553(a)(6). The government acknowledged that the district court had recently given a thirty-year sentence to a defendant facing similar charges. But the government argued that Trexler was different from that defendant because Trexler had not accepted responsibility for his crimes and pleaded guilty.

After the district court heard these arguments and received additional evidence from the parties, the district court sentenced

Trexler to life imprisonment for enticing a minor to engage in sexual activity and to thirty-years imprisonment for producing child pornography. The district court assured the parties that it had considered their arguments, the sentencing guidelines, and the section 3553(a) factors. It also agreed with the government that Trexler was not similarly situated to the former defendant who, although facing similar charges, received a thirty-year sentence after he pleaded guilty. And it explained that it was not varying downwards because Trexler (i) had not pleaded guilty like the other defendant, (ii) had lied to the court when he was representing himself pro se, and (iii) had destroyed evidence.

Trexler objected that his sentence was procedurally and substantively unreasonable. He then timely appealed.

## II.

We review for abuse of discretion a challenge to the reasonableness of a sentence. *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023). We evaluate procedural reasonableness before substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).

A sentence may be procedurally unreasonable if the district court (i) miscalculates the guidelines range, (ii) treats the guidelines as mandatory, (iii) selects a sentence based on clearly erroneous facts, (iv) fails to adequately explain a sentence, or (v) fails to consider the section 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

A sentence is substantively unreasonable if the district court (i) fails to give consideration to relevant factors that are due significant weight, (ii) gives significant weight to an improper or irrelevant factor, or (iii) commits a clear error of judgment in considering the proper factors. *See United States v. King*, 57 F.4th 1334, 1338 (11th Cir. 2023) (citing *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

A defendant bears the burden of establishing that his sentence is unreasonable. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

With these standards in mind, we turn to Trexler's argument that his sentence is procedurally unreasonable because the district court failed to consider the section 3553(a) factors. This argument fails because the district court considered those factors. A district court can show that it considered the section 3553(a) factors by acknowledging that it "considered the defendant's arguments and the . . . factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). And the district court here took both actions. It told Trexler that it would take his arguments "under advisement," and it stated on the record that it had considered "all of the factors identified in . . . [s]ections 3553(a)(1) through (7)." Doc. 133 at 36, 46.

Having rejected Trexler's argument that his sentence is procedurally unreasonable, we now turn to his argument that his sentence is substantively unreasonable. Trexler argues that his sen-

tence is substantively unreasonable because the district court punished him for proceeding to trial, for confronting his accuser, and for trying to proceed pro se. We think Trexler's arguments misread the record.

The district court did not punish Trexler for proceeding to trial and thereby causing D.V. to testify. Instead, it referenced his trial only to explain why Trexler was not similarly situated to another defendant who pleaded guilty and then received a lower sentence. That analysis was proper. District courts should consider whether a sentence would create "unwarranted sentence disparities" between similar defendants. 18 U.S.C. § 3553(a)(6). And two defendants may not be similar if they make different choices about accepting responsibility. *See United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). So the district court was right to consider whether Trexler pleaded guilty to determine whether his sentence created an unwarranted disparity.

The district court also did not punish Trexler for trying to proceed pro se. Instead, it faulted Trexler for lying about where he found his pro se filings. That information is relevant to Trexler's characteristics, so the district court was within its discretion to consider it. *See* 18 U.S.C. § 3553(a)(1) (requiring a sentencing court to consider the "characteristics of the defendant"). Because the district court did not consider any improper factors, Trexler fails to establish that his sentence is substantively unreasonable.

**III.**

**AFFIRMED**.